**WO**   MW

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarbjit Kaur,<br><br>                Petitioner,<br>v.<br><br>William Barr, et al.,<br><br>                Respondents. | No. CV-19-05306-PHX-MTL (MHB)<br><br>**ORDER** |

       Petitioner Sarbjit Kaur, who is detained in the CoreCivic Eloy Detention Center in Eloy, Arizona, has filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and a Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2). The Court will issue a temporary stay of removal, call Respondents to answer the Petition and respond to the Motion for Preliminary Injunction, and deny the Motion for Temporary Restraining Order.

**I.    Background**

      Petitioner is a native and citizen of India. On June 26, 2019, she entered the United States without inspection near Calexico, California, and was encountered and taken into custody by the United States Department of Homeland Security (DHS). (Doc. 1-3.) Petitioner was determined to be inadmissible to the United States and placed in expedited removal proceedings pursuant to Immigration and Naturalization Act (INA) § 235(b)(1), 8 U.S.C. § 1225(b)(1). (Docs. 1-3, 1-7.) Petitioner expressed a fear of persecution or torture if returned to India and was referred to an asylum officer for a credible fear

determination. (Doc. 1-3.)

On August 12, 2019, Petitioner received a credible fear interview with the use of a telephonic Punjabi translator. (Doc. 1-4.)[1] The asylum officer determined that Petitioner did not have a credible fear of persecution or torture, and on August 30, 2019, Petitioner was ordered removed from the United States. (Docs. 1-4, 1-6, 1-7, 1-9.) Petitioner requested review of the negative credible fear finding by an Immigration Judge (IJ). (Doc. 1-6.) A hearing was scheduled for September 18, 2019, and Petitioner retained counsel, who filed a notice of appearance with the immigration court the same day. (Doc. 1 ¶¶ 20-22.) At the conclusion of the hearing held on September 18, 2019, the IJ affirmed Petitioner's negative credible fear determination. (Doc. 1-8.)

## II. Petition

In her Petition, Petitioner names United States Attorney General William Barr, Acting DHS Secretary Kevin McAleenan, Executive Office for Immigration Review (EOIR) Director James McHenry, Immigration and Customs Enforcement (ICE) Phoenix Field Office Director Enrique Lucero, and United States Immigration Judge Irene Feldman as Respondents.[2] Petitioner asserts that the Court has habeas corpus jurisdiction to review her claims pursuant to the Ninth Circuit's decision in *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019). She brings two grounds for relief.

In Grounds One and Two, Petitioner claims that her credible fear proceedings denied her a fair and meaningful opportunity to apply for relief in violation of the governing

---

[1] The Court notes that the asylum officer's Record of Determination/Credible Fear Worksheet (Form I-870) (Doc. 1-4) reports that Petitioner received a credible fear interview on August 12, 2019, whereas the "Credible-Fear Interview" transcript (Doc. 1-5) reports that Petitioner received an in-person credible fear interview on August 16, 2019.

[2] Under the rationale articulated in *Armentero, infra*, and in the absence of authority addressing whether the proper respondent in immigration habeas corpus proceedings under § 2241 is the Attorney General, the Acting DHS Secretary, or the ICE Field Office Director, the Court will not dismiss these Respondents or the Petition for failure to name a proper respondent at this stage of the proceedings. *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003) (finding the DHS Secretary and the Attorney General were proper respondents), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the Attorney General is a proper respondent in an immigration habeas corpus petition). However, the Court will dismiss Respondents McHenry and Feldman because the rationale articulated in *Armentero* would not extend to these Respondents.

statute and implementing regulation, 8 U.S.C. § 1225(b)(1) and 8 C.F.R. § 208.30(d), and the Due Process Clause of the Fifth Amendment. Petitioner alleges DHS failed to employ the required non-adversarial procedures when conducting her credible fear interview, failed to consider binding case law, and failed to apply the correct legal standard when evaluating her credible fear claim. Petitioner further alleges that the IJ denied her a reasonable opportunity to present her case, applied the wrong legal standard, and considered evidence outside the record without providing her with prior notice and an opportunity for rebuttal.

In her demand for relief, Petitioner asks the Court to: (1) determine that her expedited removal order violated her statutory, regulatory, and constitutional rights and, as a result, she is being detained in violation of the law; (2) vacate the expedited removal order; and (3) order that she "be provided a new, meaningful opportunity to apply for asylum and other relief from removal." (Doc. 1 at 20-21.)

For the following reasons, the Court asks that Respondents Barr, McAleenan, and Lucero answer the Petition.

### III. Motion for Preliminary Injunction and/or Temporary Restraining Order

A party seeking injunctive relief under Rule 65 of the Federal Rules of Civil Procedure must show that: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest.[3] *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008); *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014); *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001). Where the movant seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a heightened scrutiny and should not be issued

---

[3] Where a party "can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the [party]'s favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this Ninth Circuit "serious questions" test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

unless the facts and law clearly favor the moving party." *Dahl v. HEM Pharms. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

Unlike a preliminary injunction, *see* Fed. R. Civ. P. 65(a), a temporary restraining order ("TRO") may be entered "without written or oral notice to the adverse party." Fed. R. Civ. P. 65(b). A TRO may issue, ex parte, if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before* the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b) (emphasis added).

Petitioner moves the Court to enjoin her continued detention, to order Respondents to provide her with an individualized asylum hearing, and to stay her removal from the United States while this action is pending. To the extent Petitioner seeks release from custody and a new hearing on her asylum claims, she has **<u>not</u>** demonstrated that she will suffer irreparable injury before Respondents can be heard in opposition. She therefore fails to meet her burden to demonstrate that she is entitled to immediate injunctive relief, and her Motion for Temporary Restraining Order will be denied. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974) (consistent with the "stringent" restrictions of Fed. R. Civ. P. 65(b), a temporary restraining order may be entered only to execute the "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer").

The potential interests of justice associated with the irrevocable nature of removal, however, suggest the necessity of issuing a temporary stay of removal. The Ninth Circuit Court of Appeals has mandated that "a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v.*

*Holder*, 556 U.S. 418, 444 (2009)).

In *Thuraissigiam*, the Ninth Circuit Court of Appeals held 8 U.S.C. § 1252(e)(2)'s statutory restriction on habeas corpus review violated the Suspension Clause as applied to Thuraissigiam. On that basis, the district court's initial decision was reversed, and the Ninth Circuit remanded the matter with instructions to exercise jurisdiction and "consider Thuraissigiam's legal challenges to the procedures leading to his expedited removal order." 917 F.3d at 1119.

Similarly, here, Petitioner has raised legal challenges to the process leading to her expedited removal order and alleged circumstances which, if true, would present a substantial case on the merits. This is, of course, without prejudice to Respondents demonstrating to the contrary. Because removal would deprive her of the relief she seeks – asylum in the United States – she has also shown that it is probable that she would suffer irreparable harm absent a stay.

Lastly, the balance of hardships tips in Petitioner's favor. A stay will maintain the status quo until Respondents have had an opportunity to brief the Petition and Motion for Preliminary Injunction and will facilitate a considered review of the parties' arguments by the Court and a reasoned decision on the issues presented.

Accordingly, **IT IS ORDERED:**

(1) Petitioner's Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2) is **denied in part** as to Petitioner's Motion for Temporary Restraining Order.

(2) Respondents McHenry and Feldman are **dismissed without prejudice**.

(3) A temporary stay of removal is **granted.** Respondents are enjoined from removing Petitioner Sarbjit Kaur (A# 201-741-799) from the United States pending further order of this Court.

(4) The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition (Doc. 1), (3) the Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 2), and (4) this Order upon the United States Attorney for the District of

| | |
|---|---|
| 1 | Arizona by certified mail addressed to the civil process clerk at the office of the United |
| 2 | States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The |
| 3 | Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, the |
| 4 | Motion for Preliminary Injunction and/or Temporary Restraining Order, and this Order to |
| 5 | the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Barr, |
| 6 | McAleenan, and Lucero pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure. |
| 7 | (5) The Clerk of Court shall **email** a copy of this Order to the United States |
| 8 | Attorney for the District of Arizona, to the attention of Peter M. Lantka at |
| 9 | peter.lantka@usdoj.gov and Mary Finlon at mary.finlon@usdoj.gov. |
| 10 | (6) Respondents Barr, McAleenan, and Lucero shall have **30 days** from the date |
| 11 | of service to file a Response to Petitioner's Motion for Preliminary Injunction (Doc. 2) in |
| 12 | accordance with this Order. |
| 13 | (7) Petitioner shall have **15 days** from the filing of Respondents' Response to |
| 14 | the Motion for Preliminary Injunction to file a Reply. |
| 15 | (8) Respondents shall have **30 days** from the date of service to answer the |
| 16 | Petition (Doc. 1). Respondents shall not file a dispositive motion in place of an answer |
| 17 | absent leave of Court.[4] |
| 18 | (9) Petitioner shall have **15 days** from the filing of Respondents' Answer to the |
| 19 | Petition to file a Reply. |
| 20 | /// |
| 21 | /// |
| 22 | /// |
| 23 | /// |
| 24 | /// |
| 25 | /// |

---

[4] Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

1       (10) Petitioner must file a "Notice of Custody Status" with the Clerk of Court within **5 days** of any material change in Petitioner's custody status. Petitioner may not include a motion for other relief with the Notice.

Dated this 7th day of October, 2019.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge