WO

MW

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Sarbjit Kaur,

              Petitioner,

v.

William Barr, et al.,

              Respondents.

No. CV-19-05306-PHX-MTL (MHB)

**ORDER**

Petitioner Sarbjit Kaur (A# 201-741-799), who is detained in the CoreCivic Eloy Detention Center in Eloy, Arizona, has filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and a Motion for Preliminary Injunction (Doc. 2). The Petition and this action will be dismissed for lack of jurisdiction.

**I.      Background**

Petitioner is a native and citizen of India. On June 26, 2019, she entered the United States without inspection near Calexico, California, and was encountered and taken into custody by the United States Department of Homeland Security. (Docs. 1-3, 1-7.) Petitioner was determined to be inadmissible to the United States and placed in expedited removal proceedings pursuant to Immigration and Nationality Act ("INA") § 235(b)(1), 8 U.S.C. § 1225(b)(1). Petitioner expressed a fear of persecution or torture if returned to India and was referred to an asylum officer for a credible fear determination. (*Id*.)

On or about August 12, 2019, Petitioner received a credible fear interview. (Doc. 1-4.) The asylum officer determined that Petitioner did not have a credible fear of

1 persecution or torture, and on August 30, 2019, Petitioner was ordered removed from the United States. (Docs. 1-4, 1-6, 1-7, 1-9.) Petitioner requested review of the credible fear determination by an immigration judge ("IJ"). (Doc. 1-6.) At the conclusion of a hearing held on September 18, 2019, the IJ affirmed the asylum officer's determination. (Doc. 1-8.)

## II. Petition

In her Petition, Petitioner brings two grounds for relief. In Grounds One and Two, Petitioner claims that her credible fear proceedings denied her a fair and meaningful opportunity to apply for relief in violation of the INA, the implementing regulations, and the Due Process Clause of the Fifth Amendment. Petitioner alleges the asylum officer failed to employ the required non-adversarial procedures when conducting her credible fear interview, failed to consider binding case law, and failed to apply the correct legal standard when evaluating her credible fear claim. Petitioner further alleges that the IJ denied her a reasonable opportunity to present her case, applied the wrong legal standard, and considered evidence outside the record without providing her with prior notice and an opportunity for rebuttal.

In her demand for relief, Petitioner asks the Court to: (1) determine that her expedited removal order violated her statutory, regulatory, and constitutional rights and, as a result, she is being detained in violation of the law; (2) vacate the expedited removal order; and (3) order that she "be provided a new, meaningful opportunity to apply for asylum and other relief from removal." (Doc. 1 at 20-21.)

Petitioner asserts that the Court has habeas corpus jurisdiction to review her claims pursuant to the Ninth Circuit's decision in *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019).

## III. Dismissal

Except as provided under 8 U.S.C. § 1252(e), courts lack jurisdiction to review "any individual determination or. . . claim arising from or relating to the implementation or operation of an order of [expedited] removal." 8 U.S.C. § 1252(a)(2)(A)(i). Under

§ 1252(e), "review of expedited removal orders in a habeas corpus petition…[is] limited to an inquiry over whether: (A) the petitioner is an alien, (B) whether the petitioner was ordered removed under § 1225(b)(1), and (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, or is a refugee or has been granted non-terminated asylum." *Galindo-Romero v. Holder*, 640 F.3d 873, 875 n.1 (9th Cir. 2011) (internal brackets and quotations omitted). In determining whether a petitioner was ordered removed under § 1225(b)(1), review is "limited to whether such an order in fact was issued and whether it relates to the petitioner." 8 U.S.C. § 1252(e)(5). The court may not review a credible fear determination underlying an expedited removal order, § 1252(a)(2)(A)(iii), or review whether the petitioner "is actually inadmissible or entitled to any relief from removal," § 1252(e)(5).

The Court lacks jurisdiction to review Petitioner's claims. Petitioner seeks review of her credible fear proceedings and the negative determination that resulted in her order of removal. Petitioner's claims do not fall within one of the three limited jurisdictional grounds for challenging an expedited removal order. Further, the United States Supreme Court has reversed the Ninth Circuit's decision in *Thuraissigiam* and, therefore, it does not provide this Court with habeas corpus jurisdiction to review Petitioner's challenges. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. ___, ___ S. Ct. ___, No. 19-161, 2020 WL 3454809, at *19 (June 25, 2020) (finding "the Ninth Circuit erred in holding that § 1252(e)(2) violates the Suspension Clause and the Due Process Clause").

Accordingly, the Court lacks jurisdiction over Petitioner's claims, and the Petition and this action will be dismissed. *See* Rule 4, foll. 28 U.S.C. § 2254 (a district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court")[1]; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts apply to habeas corpus proceedings under § 2241. *See* Rule 1(b), foll. 28 U.S.C. § 2254.

jurisdiction, the court must dismiss the action")[2]; *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions … are instructed to summarily dismiss claims that are clearly not cognizable.").

**IT IS ORDERED:**

(1) The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) and this action are dismissed without prejudice for lack of jurisdiction.

(2) Petitioner's Motion for Preliminary Injunction (Doc. 2) is **denied**.

(3) The temporary stay of removal entered on October 8, 2019 is **lifted.**

(4) The Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 2nd day of July, 2020.

Michael T. Liburdi
United States District Judge

---

[2] "To the extent they are not inconsistent" with the governing statutes and rules, the Federal Rules of Civil Procedure apply to habeas corpus proceedings. Rule 12, foll. 28 U.S.C. § 2254.